UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE PRUDEN,

    Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC, a Delaware
limited liability company,

    Defendant.

CASE NO. 2:18-cv-13011-PDB-APP

District Judge: Paul D. Borman

## DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Enhanced Recovery Company, LLC. (ERC or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff's Complaint filed by Plaintiff, Katherine Pruden ("Plaintiff").

## JURISDICTION

1.    ERC admits that this is an action for damages under the Fair Debt Collection Practices Act and state laws. ERC denies that it violated the foregoing laws.

## VENUE

2. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies the allegations.

3. ERC admits the allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. ERC admits that Plaintiff is a natural person. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies the allegations.

5. ERC admits that it is a limited liability company organized under the laws of the state of Delaware and that it conducts business in Michigan.

## GENERAL ALLEGATIONS

6. ERC admits that it attempted to collect on an account in the name of Katherine Bristol placed with it for collection by Sprint. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies the allegations.

7. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies the allegations.

8. ERC denies receiving a letter from Plaintiff disputing the debt. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, denies the allegations.

9. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies the allegations.

10. ERC denies that it received a letter from Plaintiff. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and, therefore, denies the allegations.

11. ERC admits that it communicates electronically with the credit bureaus. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and, therefore, denies the allegations.

12. ERC denies receiving a letter from Plaintiff.

13. ERC denies the allegations contained in paragraph 13 of the Complaint.

14. ERC denies the allegations contained in paragraph 14 of the Complaint.

## COUNT I

15. ERC responds to the allegations contained in the preceding paragraphs of the Complaint as set forth above.

16. ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

17. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies the allegations.

18. The allegations contained in paragraph 18 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

19. ERC denies the allegations contained in paragraph 19 of the Complaint.

20. ERC denies the allegations contained in paragraph 20 of the Complaint.

21. ERC denies the allegations contained in paragraph 21 of the Complaint.

## COUNT II

22. ERC responds to the allegations contained in the preceding paragraphs of the Complaint as set forth above.

23. The allegations contained in paragraph 23 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

25. ERC denies the allegations contained in paragraph 25 of the Complaint.

26. ERC denies the allegations contained in paragraph 26 of the Complaint.

27. ERC denies the allegations contained in paragraph 27 of the Complaint.

## COUNT III

28. ERC responds to the allegations contained in the preceding paragraphs of the Complaint as set forth above.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies the allegations

31. ERC denies the allegations contained in paragraph 31 of the Complaint.

32. ERC denies the allegations contained in paragraph 32 of the Complaint.

33. ERC denies the allegations contained in paragraph 33 of the Complaint.

## GENERAL DENIAL

34. ERC denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff has failed to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against ERC for actual damages must be dismissed because Plaintiff has failed to plead any allegations showing an entitlement to such damages.

### Third Affirmative Defense

Plaintiff's claims for actual damages are barred to the extent Plaintiff failed to mitigate such damages.

### Fourth Affirmative Defense

Plaintiff's claims against ERC for punitive damages must be dismissed because Plaintiff has failed to plead any allegations showing an entitlement to such damages.

### Fifth Affirmative Defense

Plaintiff's claims against ERC for punitive damages must be dismissed because such damages are not available under the FDCPA.

### Sixth Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff did not suffer any concrete and particularized injury-in-fact and, therefore, lacks standing to pursue such claims.

### Seventh Affirmative Defense

Plaintiff's claims against ERC must be dismissed because all actions taken by ERC were consistent with its obligations under the FDCPA.

### Eighth Affirmative Defense

Plaintiff's claims against ERC fail because any alleged violation would be the result of a *bona fide* error despite the maintenance of procedures designed to prevent such errors.

### **CLAIM FOR ATTORNEYS' FEES**

On information and belief, this action was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

**SMITH, GAMBRELL & RUSSELL, LLP**

*/s/ Scott S. Gallagher*
Scott S. Gallagher
Florida Bar No. 0371970
Email: ssgallagher@sgrlaw.com
Richard D. Rivera
Florida Bar No. 108251
Email: rrivera@sgrlaw.com
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel:  (904) 598-6111
Fax:  (904) 598-6211

*Attorneys for Defendant, Enhanced Recovery Company, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Gary D. Nitzkin, Esq.
Carl Schwartz, Esq.
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Email: gary@crlam.com
Email: carl@crlam.com

*Attorneys for Plaintiff*

>                     */s/ Scott S. Gallagher*
>                             Attorney