## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KATHERINE PRUDEN,

        Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC, a Delaware
limited liability company,

        Defendant.

CASE NO. 2:18-cv-13011-PDB-APP

District Judge: Paul D. Borman

## DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S
## MOTION TO COMPEL DISCOVERY

Defendant, Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 37 and Local Rules 7.1, 37.1, and 37.2, moves this Court to enter an Order compelling Plaintiff, Katherine Pruden ("Ms. Pruden"), to produce discovery materials, and states in support thereof:

1.     The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

2.     On September 26, 2018, Ms. Pruden filed her Complaint in this action against ERC, claiming that ERC violated the Fair Debt Collection Practices Act (the "Federal Act"), the Michigan Occupational Code (the "Occupational Code"), and the Michigan Collection Practices Act (the "Michigan Act").

3.     Specifically, Ms. Pruden alleged that ERC violated the foregoing laws by failing to mark Ms. Pruden's overdue account as disputed when reporting the account to the credit bureaus after Ms. Pruden allegedly sent a dispute letter to ERC (although ERC has no record of receiving the dispute letter).

4.     As a result of these alleged violations, Ms. Pruden seeks actual damages from ERC, as well as exemplary and punitive damages.

5.     On December 4, 2018, ERC served its First Set of Interrogatories, First Requests for Admissions, and First Requests for Production on Ms. Pruden.

6.     Thereafter, Ms. Pruden served her responses and objections to ERC's discovery requests. As discussed in the incorporated brief in support of this motion, Ms. Pruden's objections to certain of ERC's discovery requests were unfounded, and several of Ms. Pruden's responses were evasive and incomplete. Pursuant to Local Rule 37.2, true and correct copies of Ms. Pruden's responses to ERC's First Request for Production and ERC's First Set of Interrogatories are attached hereto as **Exhibits "A" and "B"**, respectively.

7.      Counsel for ERC attempted to resolve these discovery issues with Ms. Pruden's counsel through written correspondence dated February 13, 2019, a true and correct copy of which is attached hereto as **Exhibit C**. However, to date, Ms. Pruden's counsel has not responded to the undersigned's letter, and Ms. Pruden has failed to rectify the deficiencies in her responses.

WHEREFORE, ERC respectfully requests the Court enter an Order compelling Ms. Pruden to:

(i)      Supplement her responses to Requests for Production Nos. 8, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, and 27 to identify whether or not responsive documents are being withheld on the basis of an objection;

(ii)      Withdraw her objections to Requests for Production Nos. 10, 12, 13, and 22, and Interrogatory No. 5, based upon the assertion that the terms "Creditor" and "Subject Account" are not defined in the discovery requests, and respond to these requests and produce the responsive documents;

(iii)      Supplement her document production with responsive documents to Requests for Production Nos. 4, 5, 20, and 21;

(iv)      Produce complete, intact, and un-redacted documents responsive to ERC's Requests for Production, including, without limitation, the excerpted credit reports previously produced by Ms. Pruden with heavy redactions;

(v)    Withdraw her objections to Requests for Production Nos. 28 and 29, and respond to these requests and produce the responsive documents;

(vi)   To the extent the Court permits Ms. Pruden to make belated disclosures, serve her Initial Disclosures, and supplement her response to ERC's Request for Production No. 1 and produce the documents responsive thereto;

(vii)  Supplement her responses to Interrogatories Nos. 4, 7, 8, 10, and 12 with responsive answers;

(viii)  Withdraw her objections to Interrogatory No. 13 and supplement her response with responsive answers.

ERC further respectfully requests that the Court's Order require Ms. Pruden or her counsel to reimburse ERC for its costs and fees incurred in obtaining discovery responses, including the costs and fees incurred in bringing this motion and award such other relief and sanctions under Rule 37 as the Court deems appropriate.

## BRIEF IN SUPPORT OF MOTION TO COMPEL

## I. ISSUE PRESENTED

Whether ERC is entitled to timely production of additional documents and information responsive to its discovery requests.

## II. AUTHORITY IN SUPPORT OF RELIEF SOUGHT

Fed. R. Civ. P. 26

Fed. R. Civ. P. 34

Fed. R. Civ. P. 37

*Wesley Corp. v. Zoom T.V. Products, LLC,* No. 17-10021, 2018 WL 372700, at *4(E.D. Mich. Jan. 11, 2018).

*Otis v. LTD Fin. Servs*., No. 14-13778 (E.D. Mich. June 29, 2015).

*Saltzman v. I.C. Sys., Inc*., No. 09-10096, 2009 WL 3190359, at *10 (E.D. Mich. Sept. 30, 2009).

## III. ARGUMENT

**A.     Introduction and Legal Standard**

Rule 26 permits discovery of non-privileged matters that are relevant to the claims and defenses and are proportional to the needs of a case. Fed. R. Civ. P. 26(b)(1). Where a party fails to produce information within the scope of discovery, the requesting party may move the court, pursuant to Rule 37, for an order compelling the refusing party to produce the documents and information at issue. Fed. R. Civ. P. 37(a)(1). If the party's failure to produce the information or documents was not substantially justified, then the court must award the movant's expenses including attorneys' fees if either the Court grants the motion or the party makes production after the motion is filed. *Id.* at (a)(5)(A).

**B.     ERC is entitled to additional information and documents from Ms. Pruden that she has failed to produce or identify.**

As set forth above, Ms. Pruden alleges that she sent a letter to ERC disputing her account, and that ERC violated federal and state law because ERC failed to identify Ms. Pruden's account as disputed when reporting the account to the credit bureaus. In its discovery requests, ERC sought information and documents from Ms. Pruden relating to the actual damages she is claiming in this matter, the basis for disputing the validity of the account with ERC, information and documents concerning the subject account, and any actions Ms. Pruden took to inform ERC of her dispute.

In some instances, Ms. Pruden purported to produce documents and information, but the documents produced and the interrogatory responses were not responsive to what was requested. In other cases, Ms. Pruden asserted a number of unfounded objections to ERC's discovery requests, and redacted pertinent information relating to the actual damages she seeks from the documents she produced. Undersigned counsel sent a letter to counsel for Ms. Pruden on February 13, 2019, raising these issues. *See* Exh. C. To date, Ms. Pruden's counsel has not responded in any manner, formally or informally, to this correspondence despite follow up inquiries.

### 1.    ERC's First Requests for Production

As an initial matter, Ms. Pruden's responses fail to state whether or not she is withholding responsive documents on the basis of her objections to ERC's Requests for Production Nos. 8, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, and 27. The majority of these objections are not well taken, as they do not include anything more than boilerplate objections. Objections must be specific and state an adequate individualized basis. *Wesley Corp. v. Zoom T.V. Products, LLC,* No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018). Additionally, Rule 34 now requires parties to affirmatively state whether documents are being withheld on the basis of an objection. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that

objection."). While there may not be any documents responsive to some of the aforementioned Requests, Rule 34 requires Ms. Pruden to supplement her response to affirmatively indicate where responsive documents are being withheld. As it stands, ERC has no way of knowing whether Ms. Pruden is relying on the asserted objections to refuse to produce responsive documents.

Further, Ms. Pruden objected to a number of ERC's Requests for Production on the basis that the term "Creditor" was not defined. However, ERC's Requests for Production defined the term "Creditor" to mean "the creditor of the Subject Account," and likewise defined "Subject Account" as "the account(s) for which ERC was seeking to collect on which [Ms. Pruden] base[s] [her] claims against ERC." *See* ERC's Requests for Production, attached hereto as **Exhibit D**. Moreover, even if these terms were not defined, the meaning would be clear in this case where Ms. Pruden has sued ERC concerning an account ERC sought to collect on behalf of a creditor. Accordingly, Ms. Pruden's objections to ERC's Requests for Production Nos. 10, 12, 13, and 22 are unfounded and without merit, and Ms. Pruden should be required to withdraw these objections, respond to the Requests, and produce the documents responsive thereto.[1]

Additionally, in several of her responses, Ms. Pruden directed ERC to see the documents produced, however, the documents produced do not appear to be

---

[1] Moreover, these objections, as well as the rest of the objections asserted to the requests for production were untimely as they were served more than thirty days following ERC's requests. As a result Ms. Pruden waived these objections.

responsive to the requests, specifically with regard to Ms. Pruden's responses to Requests for Production Nos. 4, 5, 20, and 21. In Requests Nos. 4 and 5, ERC sought documents relating to damages Ms. Pruden claims she has suffered, and in Requests Nos. 20 and 21, ERC sought documents underlying the basis of Ms. Pruden's dispute of the subject account and through which she disputed the account to a credit bureau. Ms. Pruden responded to each of these Requests, in part, by stating "see attached," however, the only documents that were produced were two redacted credit reports, and a letter/envelope addressed to ERC. Thus, Ms. Pruden should be required to produce additional documents responsive to these Requests, or, if Ms. Pruden does not actually have any documents in her possession, custody, or control that are responsive to these requests, to amend her responses to so indicate.

Moreover, as to the credit reports Ms. Pruden produced, Ms. Pruden produced the reports in a heavily redacted form. Ms. Pruden produced two excerpts from credit reports. The first reflects that it is only two of twenty pages of the full document. The second reflects that it is only three of thirty three pages of the full document. As noted above, Ms. Pruden brought this action against ERC claiming that ERC's actions caused her damages in the form of a "degraded" credit report, denial of credit, and emotional distress. To the extent Ms. Pruden was actually denied credit, and claims damages as a result thereof, ERC is entitled to see what

other information appears on her credit report that could have contributed to the denial. Further, ERC is entitled to discover what else appears on Ms. Pruden's credit report that could have contributed to her purported emotional distress. Moreover, ERC has prepared and sent to Ms. Pruden's counsel a draft protective order that would protect Ms. Pruden's sensitive credit information from being used outside of these proceedings, and would require ERC to seek to file such information under seal. Accordingly, there is no reason for Ms. Pruden to insist on redacting information from her credit report, and Ms. Pruden should be required to produce un-redacted versions of the credit reports to ERC.

Additionally, in ERC's Requests for Production Nos. 28 and 29, ERC sought a copy of the native file of the word processing document containing the dispute letter that Ms. Pruden alleges was sent to ERC, as well as a copy of the native file of the word processing document with all meta data still attached to the file. Ms. Pruden asserted the same objection to both of these Requests, stating, "[Ms. Pruden] objects to the request as calling for information that is disproportionate to the needs of this case. Plaintiff does not possess responsive documents." However, contrary to Ms. Pruden's assertions, the central issue of dispute in this action is whether ERC received Ms. Pruden's purported dispute letter, and whether any of Ms. Pruden's asserted bases for actual damages occurred after the date on which ERC would have received it. Accordingly, the native file of the letter, along with

the meta data reflecting the date on which it was created, is important to show whether the letter was actually created at the time reflected on its face. As such, these documents/information are proportional to the needs of this litigation as they are probative on the central factual issue in dispute. Further, while Ms. Pruden states that she does not have any such documents in her possession, it is ERC's belief that the documents requested are maintained at the office of Ms. Pruden's counsel, who Ms. Pruden claims sent the letter with her authorization, and thus, the documents are within Ms. Pruden's control. In light of the foregoing, Ms. Pruden should be required to withdraw her objections to ERC's Requests for Productions Nos. 28 and 29, and produce the documents responsive thereto, or, if Ms. Pruden maintains that the documents are not within her possession, custody, or control, then to amend her responses to so indicate.

### 2.   ERC's First Set of Interrogatories

Initially, as was the case with Ms. Pruden's responses to ERC's First Requests for Production, Ms. Pruden objected to ERC's Interrogatory No. 5 on the basis that the term "Subject Account" was not defined. However, ERC's Interrogatories defined the term "Subject Account" to mean "the account(s) for which ERC was seeking to collect on which [Ms. Pruden] base[s] [her] claims against ERC." Accordingly, Ms. Pruden's objection to ERC's Interrogatory No. 5

is unfounded, and Ms. Pruden should be required to withdraw this objection, and respond fully to ERC's Interrogatory No. 5.

Further, Ms. Pruden's responses to ERC's Interrogatories Nos. 4, 7, 8, 10, and 12 were not fully responsive to the questions posed. Interrogatory No. 4 asked for any facts forming the basis of Ms. Pruden's dispute of the subject account including any payments that Ms. Pruden claims were not applied, however, Ms. Pruden's response merely stated that she sent a letter stating that the account was disputed. Additionally, Interrogatories Nos. 7, 8, and 12 requested information concerning sending the May 18 letter to ERC, including the location from where it was sent and the persons involving in sending it. Ms. Pruden's responses do not provide this information. Finally, Interrogatory No. 10 asked Ms. Pruden to provide ERC with facts concerning the basis for her dispute, and Ms. Pruden merely responded that she disputes the amount, but did not give any reason for that dispute. ERC would expect a full response to include what amount Ms. Pruden contends is correct, any amounts she disputes should be in the account, payments she claims were not applied, etc. Accordingly, Ms. Pruden's responses to the Interrogatories are incomplete, and Ms. Pruden should be required to supplement her responses to address the substance of the questions asked.

Finally, in Interrogatory No. 13, ERC requested that Ms. Pruden "[s]tate all facts upon which [she relied] in alleging that ERC failed to implement procedures

designed to prevent a violation by its employee as alleged in Counts II and III of the Complaint." Ms. Pruden objected on the grounds that the "information is contained within [ERC's] own records and clearly set forth in Plaintiff's Complaint," and did not provide a further response to Interrogatory No. 13. However, the fact that ERC may have information in its records is not a valid basis for Ms. Pruden to object to providing the information that she relied on in bringing her claims against ERC. Moreover, the Complaint does not contain any facts whatsoever on this claim, but rather, Counts II and III merely contain the legal conclusion that ERC failed to implement a procedure to prevent employee violations. To the extent Counts II and III of the Complaint incorporated the earlier allegations that ERC did not notate the dispute, such allegations are insufficient to state a claim under the Occupational Code or the Michigan Act. *See Otis v. LTD Fin. Servs.*, No. 14-13778 (E.D. Mich. June 29, 2015) (holding that general allegations of wrongdoing do not state a claim for failure to maintain procedures); *see also Saltzman v. I.C. Sys., Inc.*, No. 09-10096, 2009 WL 3190359, at *10 (E.D. Mich. Sept. 30, 2009) (same). Nonetheless, even if Ms. Pruden's Complaint did contain factual allegations concerning a lack of procedures, ERC would still be entitled to receive her sworn testimony on these points. Accordingly, Ms. Pruden should be required to withdraw this objection, and provide a substantive, sworn response to ERC's Interrogatory No. 13.

### C.    Initial Disclosures

Finally, to date, Ms. Pruden has not served her initial disclosures in this matter. Rule 37 provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. P. 37(c)(1).

These initial disclosures are far overdue. Discovery is near its close and Ms. Pruden has yet to disclose the persons who she is aware have knowledge concerning her claims, her documents she intends to use to prove her claims, or a calculation of the actual damages that she seeks in this matter. Accordingly, she should be barred from presenting any evidence of actual damages and from using such information or witnesses in this matter.

If the court is not inclined to impose the default sanction under Rule 37(c) for failing to disclose, then ERC is still entitled to have the disclosures made. Additionally, in ERC's Request for Production No. 1, ERC sought all documents that Ms. Pruden identified in her Initial Disclosures. Ms. Pruden responded to this

Request by stating, "[Ms. Pruden] has not yet filed Initial Disclosures." Thus, if the Court will permit Ms. Pruden to make belated disclosures, then Ms. Pruden should be compelled to supplement her response to ERC's Request for Production No. 1 and produce the documents responsive thereto.

### D.    Conclusion

ERC served its first set of discovery requests on Ms. Pruden on December 4, 2018. Since that time, Ms. Pruden has failed to produce documents and information fairly encompassed within the scope of discovery as framed by her claims, and has needlessly delayed in fully responding to other discovery requests. Further, Ms. Pruden's counsel has wholly failed to respond to the undersigned's correspondence attempting to resolve these issues. Thus, Ms. Pruden's failures to date to fully and fairly respond to ERC's discovery requests cannot be viewed as substantially justified and, as such, Ms. Pruden or her counsel must be required to pay ERC's attorneys' fees and costs incurred to obtain this information from Ms. Pruden.

Accordingly, ERC respectfully requests that the Court enter an Order compelling Ms. Pruden to:

(i)    Supplement her responses to Requests for Production Nos. 8, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, and 27 to identify whether or not responsive documents are being withheld on the basis of an objection;

(ii)    Withdraw her objections to Requests for Production Nos. 10, 12, 13, and 22, and Interrogatory No. 5, based upon the assertion that the terms "Creditor" and "Subject Account" are not defined in the discovery requests, and respond to these requests and produce the responsive documents;

(iii)   Supplement her document production with responsive documents to Requests for Production Nos. 4, 5, 20, and 21;

(iv)   Produce complete, intact, and un-redacted documents responsive to ERC's Requests for Production, including, without limitation, the excerpted credit reports previously produced by Ms. Pruden with heavy redactions;

(v)    Withdraw her objections to Requests for Production Nos. 28 and 29, and respond to these requests and produce the responsive documents;

(vi)   To the extent the Court permits Ms. Pruden to make belated disclosures, serve her Initial Disclosures, and supplement her response to ERC's Request for Production No. 1 and produce the documents responsive thereto;

(vii)  Supplement her responses to Interrogatories Nos. 4, 7, 8, 10, and 12 with responsive answers;

(viii) Withdraw her objections to Interrogatory No. 13 and supplement her response with responsive answers.

ERC further respectfully requests that the Court's Order require Ms. Pruden or her counsel to reimburse ERC for its costs and fees incurred in obtaining

discovery responses, including the costs and fees incurred in bringing this motion and award such other relief and sanctions under Rule 37 as the Court deems appropriate.

**SMITH, GAMBRELL & RUSSELL, LLP**

*/s/ Richard D. Rivera*
Scott S. Gallagher
Florida Bar No. 0371970
Email: ssgallagher@sgrlaw.com
Richard D. Rivera
Florida Bar No. 108251
Email: rrivera@sgrlaw.com
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel:  (904) 598-6111
Fax:  (904) 598-6211

*Attorneys for Defendant, Enhanced Recovery Company, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 27, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Gary D. Nitzkin, Esq.
Carl Schwartz, Esq.
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Email: gary@crlam.com
Email: carl@crlam.com

*Attorneys for Plaintiff*

*/s/ Richard D. Rivera*
Attorney
